IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARLENE NEWMAN, individually and on behalf of a class of similarly situated individuals, ) ) ) | |
| Plaintiff, ) | No. 12 C 2897 |
| v. ) ) | Judge Robert W. Gettleman |
| SPIRIT AIRLINES, INC., a Delaware corporation, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harlene Newman, on behalf of herself and others similarly situated, brought a three count complaint against defendant Spirit Airlines in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), breach of contract, and unjust enrichment, based on defendant's decision to charge a two dollar each-way fee on all airline purchases, which defendant described on its bill as an "Unintended Consequence of DOT Regulations." (The "UCDTR fee"). Plaintiff alleges that despite the label, the Department of Transportation regulations "played no role in defendant's decision to charge this fee to its customers."

Defendant removed the case to this court and has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that all three counts are preempted by the express preemption provision of the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713.

In response, plaintiff seeks to withdraw or dismiss her ICFA and unjust enrichment claims without prejudice. To accomplish this task, plaintiff filed a "stipulation of dismissal of Counts I & III without prejudice," purportedly pursuant to Fed. R. Civ. P. 41(a)(1)(A), (B). As defendant argues, however, Rule 41 governs dismissal of an entire action, not dismissal of a

particular claim within an action. See Berthold Types Ltd. v. Adobe Systems, Inc., 242 F.3d 772, 777 (7th Cir. 2001). Thus, plaintiff's effort to drop the two counts should be treated as an attempt to amend her complaint under Fed. R. Civ. P. 15(a). See In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig., 2011 WL 3021229 at *1 (N.D. Ill. July 22, 2011). Under Rule 15(a)(1)(B), a plaintiff has an absolute right to amend once if done within 21 days of service of a motion under Rule 12(b). Defendant originally filed and served its motion on May 16, 2012. The court granted it on May 23, 2012, when plaintiff failed to appear at the presentation of the motion. At plaintiff's request, the court vacated that order and reinstated defendant's motion to dismiss on June 6, 2012, but even if that date is used to start the clock, and the court treats plaintiff's motion under Rule 41 as one for leave to amend under Rule 15, plaintiff did not file until June 28, 2012, or 22 days after service of the motion to dismiss and one day late. Thus, plaintiff does not have a right to amend under Rule 15(a)(1)(B).

Nonetheless, under Rule 15(a)(2), the court should freely grant leave to amend when justice so requires. Defendant argues that dismissal of Counts I and III should be with prejudice because those counts cannot be amended to circumvent the preemption provision of the ADA. Although defendant is likely correct, the court need not reach that issue given plaintiff's willingness to dismiss her claims. Accordingly, the court grants plaintiff leave to amend the complaint on its face by dismissing without prejudice Counts I and III.

## DISCUSSION

Count II alleges that by calling the $2 each-way fee as an unintended consequence of DOT Regulations, defendant falsely represents to its customers that the "line item charge is a governmentally-mandated fee." The complaint does not attach or even reference a specific

contract, but has attached a copy of plaintiff's confirmation, which lists the fee under the heading TAXES & FEES. Thus, plaintiff was made aware that she was paying a $4 fee for a round-trip ticket, just as she was made aware that she was paying a $9 passenger facility fee.

Unable to point to any provision of a contract that defendant has breached, plaintiff alleges that defendant breached the duty of good faith and fair dealing that is implied by law in every contract governed by Illinois law. But, as defendant points out, under Illinois law the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract. The covenant merely "guides the construction of the explicit terms in the agreement." Baxter Healthcare Corp. v. O.R. Concepts, Inc., 69 F.3d 785, 792 (7th Cir. 1995). To establish a breach of the duty of good faith and fair dealing the complaining party must show that the contract vested the opposing party with discretion in performing an obligation under the contract and that that party exercised that discretion in bad faith, unreasonably, or in a manner inconsistent with the reasonable expectations of the parties. LaSalle Bank Nat'l Assoc. v. Paramont Properties, 588 F.Supp.2d 840, 857 (N.D. Ill. 2008) (and cases cited therein). Because plaintiff makes no such allegation in Count II, it fails to state a claim for breach of contract and must be dismissed.

Whether dismissal should be without prejudice as is this court's practice when dismissing an original complaint under Fed. R. Civ. P. 12(b)(6), or with prejudice as defendant argues, depends on whether plaintiff's proposed breach of contract claim is preempted by the preemption clause of the ADA, 49 U.S.C. § 41713(b)(1), which provides:

> Except as provided in this subsection, a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law relating to a price, route or service of an air carrier that may provide air transportation under this subpart.

3

A claim is preempted by the ADA if it: (1) relates to airline prices, routes, or services; and (2) derives from the enactment or enforcement of state law. Travel All Over the World, Inc. v. Kingdom of Saudi Arabian, 73 F.3d 1423, 1432 (7th Cir. 1996). The term "relating to a price, route, or service . . ." is to be interpreted broadly. "The meaning of these words is a broad one – 'to stand in relation; to have bearing on or concern; to pertain; refer; to bring in association with or in connection with,' . . . and the words thus express a broad preemptive purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992). Using this broad definition, the Seventh Circuit has held that a claim "relates to" an airline's price if the claim expressly refers to price or has a significant economic effect upon price. Travel All Over the Worlds, 73 F.3d at 1432.

In the instant case, despite plaintiff's protestations to the contrary, her challenge to the UCDTR obviously relates to the price of an airline ticket. The fee is listed on plaintiff's receipt and is undoubtedly a direct component of the final airline ticket purchase price.

To be preempted, however, the claim must also derive from the enactment or enforcement of state law. Travel All Over the World, 73 F.3d at 1432. In American Airlines, Inc. v. Wolens, 513 U.S. 219, 229 (1995), the Supreme Court held that a state does not "enact or enforce any law" by enforcing private agreements. Therefore, a claim "seeking recovery solely for the airline's alleged breach of its own, self imposed undertakings," does not derive from the enactment or enforcement of state law and is not preempted. Id. at 228.

In the instant case, plaintiff's complaint fails to identify any self-imposed obligation that defendant breached. In her brief, plaintiff illogically argues that defendant "obligated itself to collect a $2 fee from its consumers for every flight due to a purported obligation it implied was imposed by the United States Department of Transportation." Plaintiff then argues that

defendant breached the self-imposed obligation by collecting the fee. As defendant argues, its only obligation under the contract was to fly plaintiff to her destination if plaintiff paid the agreed upon fare. It did so.

Nonetheless, plaintiff argues that she can state a claim for breach of the implied duty of good faith and fair dealing and, relying on the Ninth Circuit's opinion in Ginsberg v. Northwest, Inc., __ F.3d __ 2012 WL 28699881 (9th Cir. July 13, 2012), such claims are not preempted by the ADA. It is true that Ginsberg holds that claims based on the implied duty of good faith and fair dealing are not preempted, concluding that such claims are "too tenuously connected to airline regulation to trigger preemption under the ADA." Id. at *6 (quoting West v. Northwest Airlines, Inc., 995 F.2d 148 (9th Cir. 1993). Ginsberg was decided in large part, however, on the conclusion that the implied covenant of good faith and fair dealing can never "relate to" prices, routes or services. Id. at *7. That holding appears to be in direct conflict with the Seventh Circuit's decision in Travel All Over the Worlds, which held that any contract claim can relate to price depending on the facts alleged. 73 F.3d at 1433.

Whether plaintiff's breach of contract claim alleges a violation of a state-imposed obligation preempted by the ADA, or a self-imposed undertaking not preempted is a difficult question. As Judge Rymer noted in her concurrence in the original opinion in Ginsberg, 653 F.3d 1033, 1043 (9th Cir. 2012),[1] "in some sense, an implied covenant of good faith represents both types of obligations. It is a convent between the parties, suggesting a self-imposed undertaking, but it is implied into the contract by the state, indicating a state-imposed obligation.

---

[1] The original opinion in Ginsberg was withdrawn when the request for rehearing was denied. The final opinion does not include Judge Rymer's concurrence. Judge Rymer had died before the issuance of the final opinion and had been replaced on the panel by Judge Schroeder.

The answer is important for airlines who otherwise may be required to defend contract actions under a variety of state laws whenever they enact changes in their frequent flyer programs."

Respectfully, this court concludes that it cannot follow the Ninth Circuit's decision in Ginsberg to the extent it held that a claim for breach of the implied covenant of good faith and fair dealing is never preempted by the ADA. Because under Illinois law there is no independent contractual claim for breach of the covenant, and it can be asserted only in conjunction with breach of a specific provision of a contract, the court finds that any attempt to enforce the implied covenant rather than a contractual provision is an attempt to enforce state law, not a voluntary undertaking. As such, a claim for breach of the implied covenant of good faith and fair dealing that relates to airline prices, routes, or services is a claim that derives from the enforcement of state law rather than a contractual undertaking. Accordingly, such a claim can be preempted by the ADA. Because plaintiff's claim relates to the price she paid for her airline ticket, the court concludes that her breach of contract claim is preempted by the ADA. Accordingly, Count II is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the court grants plaintiff leave to amend her complaint dropping Counts I and III without prejudice and dismisses Count II with prejudice.

**ENTER:** July 27, 2012

_____
   **Robert W. Gettleman**
   **United States District Judge**